# FILED

NOV - 1 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 09-08-H-DWM |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| ANTHONY SCOTT RICHARDS, | |
| Defendant/Movant. | |

On September 12, 2011, Defendant/Movant Anthony Richards ("Richards"), a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Richards also filed a brief in support.

## I. Preliminary Screening

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

ORDER / PAGE 1

## II. Background

Richards pled guilty to two counts of knowingly distributing child pornography, violations of 18 U.S.C. § 2252A(a)(2). Following a bench trial, I found reasonable doubt that he committed three other related offenses, and he was acquitted of those counts. Minutes (doc. 46); Judgment of Acquittal (doc. 60). Richards appealed, challenging the reasonableness of his sentence, but it was affirmed. *United States v. Richards*, No. 10-30036 (9th Cir. Jan. 24, 2011) (doc. 84) (unpublished mem. disp.).

Richards timely filed his § 2255 motion on September 12, 2011. 28 U.S.C. § 2255(f)(1).

## III. Richards's Allegations and Analysis

Richards contends, first, that he did not intend to receive images in exchange for sending them to "mtsccrmom." Mot. § 2255 (doc. 86) at 4; Br. (doc. 87) at 1. This argument addresses a five-level upward adjustment imposed under U.S.S.G. § 2G2.2(b)(3)(B) to sanction "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." Presentence Report ¶ 23. In his motion, Richards says, "I did not send with the intent of receiving, I sent to show what I was into or what I liked to look at." Br. at 1. I found, beyond a reasonable doubt, that Richards sent images of child pornography to "mtsccrmom"/Agent

Damuth, "including one that he asked . . . her to use" as a model for her two daughters to imitate "and send pictures to him like that." Findings and Conclusions (doc. 59) at 5 ¶ 24; *see also* Presentence Report ¶ 14. While I also found a reasonable doubt that Richards really believed "mtsccrmom" had two daughters, Findings and Conclusions at 10 ¶¶ 52-54, he undoubtedly solicited images of child pornography by sending images of what he wanted. That means he distributed child pornography with the intention of receiving in return something that was of value to him, albeit not of pecuniary value, which is the conduct described by the guideline.

Second, Richards contends that his prison sentence is unjust and he deserves a downward departure or resentencing at the low end of the guideline range. Mot. § 2255 at 5; Br. at 1. He challenged the reasonableness of his sentence on direct appeal. It was affirmed. He may not relitigate its reasonableness in a § 2255 motion. *United States v. Scrivner*, 189 F.3d 825, 828 n.1 (9th Cir. 1999); *United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985); *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979) (citing cases).

Richards also claims the United States "presented untruths" in its appellate brief. He points to two statements. The first, "Richards is in the moderate-high risk category for sexual, violent, and criminal recidivism," Appellate Br. at 7, *available at* 2010 WL 6201190, is contained in the record. *See* Dr. Scolatti's Report (doc. 67)

(under seal) at 27 para. 4. The second, asserting that Richards "has used the internet to attempt to lure children into sexual contact," Appellate Br. at 7, is also contained in the record. *See* Dr. Scolatti's Report at 31 para. 3. Neither statement, therefore, constitutes the presentation of "untruths."

Additionally, whether Richards used or attempted to use the internet to lure children into sexual contact, Mem. at 2, played no role in my decision as to his sentence. I believe he is a serious risk to offend against real children because he already has and because Dr. Scolatti's report features that concern. In addition, Richards failed – and still fails – to recognize both the gravity of his offense and the depth of his mental health issues. These very significant factors counseled a 168-month sentence, wholly apart from Richards's use or non-use of the internet to lure children. Presentence Report ¶¶ 21-34; Sentencing Tr. (doc. 80) at 13:13-19:23; Statement of Reasons (doc.73) at 4.

Finally, Richards objects that a life term of supervised release is too long. Mot. § 2255 at 7; Br. at 2-3. For the reasons I explained at sentencing, I disagree. Sentencing Tr. at 17:25-18:19, 19:11-23; *see also United States v. Williams*, 636 F.3d 1229, 1232-33 (9th Cir. 2011). Richards says no more now than he said at sentencing and offers nothing that assuages my fears that he is a serious risk to reoffend. A life term of supervised release is appropriate and no greater than necessary.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Richards offers no reason to believe his convictions or his sentence were imposed in violation of a constitutional right. He wants a different sentence, but he identifies no error in the one he received. There is no reason to encourage further proceedings. A certificate of appealability is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Richards's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 86) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall

immediately process the appeal if Richards files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 11-50-H-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Richards.

DATED this **15th** day of November, 2011.

Donald W. Molloy
United States District Court