IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 09-08-H-DWM |
| Plaintiff, | |
| vs. | ORDER |
| ANTHONY SCOTT RICHARDS, | |
| Defendant. | |

Defendant Richards moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 outbreak. He is currently serving a 168-month sentence on two counts of distributing child pornography, to be followed by a life term of supervised release. *See* Judgment (Doc. 72) at 1–3. Richards' current projected release date is March 12, 2021. *See* Inmate Locator, www.bop.gov/inmateloc (accessed August 10, 2020).

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce Richards' sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13(1)(A). Any reduction must be consistent with the corresponding policy statement in the Sentencing Guidelines. *See* 28 U.S.C. § 994(a)(2)(C), (t);

1

U.S.S.G. § 1B1.13(3) (Nov. 1, 2018).[1]  The defendant must also show that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(2).  Section 3142(g) requires the Court to consider, among other things, "the nature and circumstances of the offense" of conviction and "the history and characteristics of the person, including . . . the person's character [and] physical . . . condition."  18 U.S.C. § 3142(g)(1), (3)(A).

Richards is 44 years old.  Counsel states that he has type 2 diabetes, high blood pressure, high cholesterol, and chronic kidney disease, among other conditions.  *See* Reply (Doc.107) at 2.  He is currently placed at a Federal Medical Center, FMC Devens, in Massachusetts.  As of August 9, 2020, one inmate and one staff member there currently test positive for the disease.  Two inmates have died, and 49 inmates and six staff members have recovered.  *See* Interactive Map, www.bop.gov/coronavirus (accessed August 10, 2020).  As Devens is a Federal Medical Center, these figures do not necessarily mean there is a serious problem with infection in the prison.  Richards does not show that his condition amounts to an "extraordinary and compelling reason" supporting his release.

---

[1]  The Court disregards the guideline's statements requiring a motion from the Director of the Bureau of Prisons because that requirement is now "contrary to the statute."  *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984); 18 U.S.C. § 3582(c)(1)(A) (authorizing court to act "upon motion of the defendant"); First Step Act of 2018, Pub. L. No. 115-391, tit. VI, § 603(b)(1), 132 Stat. 5194, 5239 (Dec. 21, 2018); *United States v. Wong*, 2 F.3d 927, 929–30 (9th Cir. 1993).

Before sentencing, Dr. Michael Scolatti found that Richards was "in the Moderate-High nominal risk category for criminal recidivism" and also that he "used the internet in an attempt to lure children into sexual contact." *See* Scolatti Report (Doc. 67) at 27 para. 4, 31 para. 3. While the federal search warrant was being executed, Richards admitted to acting criminally on his impulses. *See* Presentence Report ¶ 39. Richards points to no evidence to persuade the Court he is a different person than the one who sent "mtsccrmom" images of child pornography and asked her to send him similar images in return. It is especially unwise to release him to a home environment identical to that in which he offended and a world in which internet access is ever more readily available. *See* Presentence Report ¶¶ 20–29.

Accordingly, IT IS ORDERED that Richards' motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 101) is DENIED.

DATED this  10th  day of August, 2020.

_____  15:11 PM
Donald W. Molloy
United States District Court

3